surely broad enough to embrace the original record or patent; then suppose the defect to be in that and in the specification also, however they are to be amended. It becomes a question of the admissibility of evidence, and the next highest evidence of the true extent of the invention is the model, being one of the prerequisites of the statute, and of the foundation upon which the patent issues; it is the highest original source which exists, to be resorted to under such circumstances for showing the defects, and I think may be used. I am happy to find that in this opinion, I am fortified by Judge Holt and the former Commissioner Bishop's opinion on the same subject.

The commissioner refers me to the report of the examiners adopted by him as his decision. The first objection stated in that document relates to the capacity of the machine for carrying its cutter apparatus folded upon the main-frame, the adjustability of the length of the pitman which communicates motion to the cutters, &c. The description as here given of the claim is supposed to be different from that which has been made according to the true mode of folding as claimed, which is not by turning the runners 22 and cutting apparatus upon their pivot K and then fold them over on the machine by means of the hinge I. The hinge I is attached to the rear of a swivelled piece which is free to turn on the socket piece, J, and the folding of the finger-beam is due to the swivel piece which turns in the socket-piece and not turned on pivot K, which holds the socket piece to the under side of the projecting end of the main frame. It would not therefore be necessary to disorganize the machine before the finger-beam could be folded, the hinge I being attached to the rear of the swivel-piece and not on the socket-piece. It is alleged that "Mr. Ball has never proposed to connect the socket-piece in any other position than just where it is shown in the original patented drawing, and also in the original model, viz. to the under side of the cross-piece of the frame, and that while the socket-piece is so attached, the finger-beam can be raised, turned, and folded over the main frame in front of the axis of the main-supporting wheels, and further that it is owing to the socket-piece being attached to the under side of the front cross-piece as described in the reissues; that it is held in the folded position, while the machine is being drawn from one field to another, and that too without any other means to hold it close to the side of the frame than simply its own gravity, a means which the commissioner seems to have overlooked." I have examined the model of Ball, and am satisfied that it is capable of the alleged function, and which is not considered as new matter. It has already been shown that the original model may be resorted to as evidence of the extent of the true invention, with respect to its affecting third persons by the reissues; it is probable that none other than those ex-

amining for the purpose of pirating the invention would be the description of persons, and therefore it is not of much matter. I think it appears also that neither the Wheeler nor Haines machine is affected by the claims as made by Ball. I have also satisfied myself by a careful examination and comparison that neither the Sylla and Adams machine of 1853, P. Sylla's of 1855, nor Haines' of 1855 are applicable to Ball's ninth claim.

As to the number of models referred to, without stating specifically what part or parts are applicable to the claims of Ball, and on account of the "condition of the art," I have not particularly examined them. And I hope the commissioner, upon more reflection, will be satisfied that the law does not impose any such unreasonable, onerous duty on the judge. From the foregoing views which I have taken of this case, and of the principles settled in case 831, [Ex parte Ball, Case No. 810,] I am satisfied that there is error in the refusal to grant the said reissue, and the said decision is hereby reversed and annulled, and that the said reissues be made accordingly as prayed.

---

## Case No. 812.

Ex parte BALL.

[Law, Dig. 620.]

[The case noted under this title in Law, Dig. 620, is the same as Ex parte Ball, Case No. 810.]

---

BALL v. BAILIE. See Case No. 815.

BALL, (DUNBAR v.) See Case No. 4,128.

BALL, (EMANUEL v.) See Case No. 4,433.

BALL, (GOVERNOR OF STATE OF ARKANSAS v.) See Case No. 530.

---

## Case No. 813.

BALL v. PATTERSON.

[1 Cranch, C. C. 604.] [1]

Circuit Court, District of Columbia. Dec. Term, 1809.

TROVER—PLEADING—EVIDENCE.

In trover for "a chest containing sundry tools," and a "trunk containing sundry clothes," the plaintiff cannot give evidence of the value of the tools and clothes; the defendant being charged only with the conversion of the chest and trunk containing the tools and clothes, and not of the tools and clothes themselves.

[See Ball v. Patterson, Case No. 814.]

At law. Trover for "a chest containing sundry tools" and "a trunk containing sundry clothes."

Mr. F. S. Key, for the defendant, objected to the evidence of the value of the tools, the conversion of the chest and trunk only, being averred. The conversion is the gist of the action.

[1] [Reported by Hon. William Cranch, Chief Judge.]